## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARROLL MONTGOMERY, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-423 (ESH)** |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **SELF-GOVERNMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Plaintiffs Carroll G. Montgomery and Rubin F. Montgomery are inmates incarcerated respectively at the Federal Correctional Institution in Otisville, New York and the United States Penitentiary in Atlanta, Georgia.   Plaintiffs brought this civil action for damages *pro se* and allege that their continued imprisonment violates their constitutional rights.    Defendants have filed motions to dismiss.   Based on the parties' filings and the applicable law, the Court will grant defendants' motions.

## I. BACKGROUND

In July 1983, plaintiffs were convicted of first degree murder in the Superior Court of the District of Columbia.  Complaint ("Compl."), ¶ 2.  Plaintiffs were each sentenced to a term of imprisonment of twenty years to life.  *Id.*  On November 12, 2002, the United States Parole Commission ("USPC") denied parole to plaintiffs and ordered their cases continued for reconsideration hearings after the service of 60 months.  *Id.*; Defendant USPC's motion to dismiss, p. 5.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court must accept all well-pleaded factual allegations as

true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

The essence of plaintiffs' claim is that they had a right to be paroled after the service of 20 years imprisonment.  Their arguments to support this contention are (1) the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act") violates the *Ex Post Facto* Clause of the Constitution; (2) that the USPC has denied them equal protection by denying them parole based on the nature of their convictions; (3) by denying them parole, the USPC violated the Double Jeopardy Clause of the Fifth Amendment.

### A. Ex Post Facto

The *Ex Post Facto* Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed.  *Collins v. Youngblood*, 497 U.S. 37, 42 (1990).  A statute retroactively increasing the penalties upon parole revocation also would be unconstitutional.  *Johnson v. United States*, 529 U.S. 694, 701 (2000).  The same principle applies to an administrative regulation promulgated pursuant to statutory authority.  The "controlling inquiry" is whether retroactive application of the change in a parole regulation

creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000).

At the time plaintiffs committed their offenses, the punishment for first degree murder was life imprisonment. *See* D.C. Code § 22-2404(a)(1981); *see also Garris v. United States*, 491 A.2d 511, 514 (D.C. 1985). The District of Columbia Code further provided that *"a person convicted of first-degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole [after 20 years]." See* D.C. Code. § 22-2404(b)(1981). Therefore, plaintiffs are required to serve at a *minimum* 20 years. *See Garris*, 491 A.2d at 513.

As part of the Revitalization Act, parole authority over D.C. Code offenders was transferred from the District of Columbia Board of Parole to the USPC. *See* D.C. Code § 24-1231; *see also Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). Plaintiffs cannot demonstrate that they have been subjected to an increased punishment or otherwise disadvantaged because of this statutory enactment. Under D.C. law, they were only eligible for parole after the service of 20 years. They were afforded a parole hearing by the USPC at that time. There has been no *Ex Post Facto* Clause violation.

*B. Equal Protection*

Plaintiffs contend that they have been deprived of equal protection of the laws because the USPC denied them parole based on the nature of their crime -- first-degree murder. The equal protection clause requires that the government not treat similarly situated individuals differently without a rational basis. *Noble v. United States Parole Comm'n*, 194 F.3d 152, 154 (D.C. Cir. 1999). A plaintiff must show he is similarly situated to someone who received more favorable treatment. *Women Prisoners of the District of Columbia Dep't of Corrections v. District of*

-3-

*Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1196 (1997).

Plaintiffs' allegation that those convicted of murder and those convicted of other offenses are treated differently by the USPC does not state a valid equal protection claim.  The USPC is entitled to use the violent nature of an offense as a factor in parole decisions.  *See Brandon v. District of Columbia Bd. of Parole*, 823 F.2d 644, 650 (D.C. Cir. 1987).

### C. Double Jeopardy

Plaintiffs contend that by denying them parole, the USPC has punished them twice for the same offense.   This claim is specious.  There is no double jeopardy issue involved in the denial or revocation of parole.  *See United States v. DiFranceso*, 449 U.S. 117, 137 (1980); *Goode v. Markey*, 603 F.3d 973, 977 (D.C. Cir. 1987), *cert. denied*, 444 U.S. 1083 (1980).  Parole eligibility is no assurance of release.  *Id.*  Requiring a defendant to serve his entire original sentence after revocation or denial of parole is not a double jeopardy violation.  *Morris v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995); *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994).   Therefore, the USPC's denial of parole to plaintiffs does not present a viable constitutional issue.

### IV. CONCLUSION

Based on the foregoing, the complaint fails to state a claim upon which relief can be granted.  Accordingly, the Court will grant defendants' motions to dismiss.  A separate order accompanies this Memorandum Opinion.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Dated: October 24, 2005